### SHULL v. BRADFORD.

1. PRACTICE—SUBSTITUTION OF PARTIES—PARTIES.—The service of order of substitution, and of amended complaint containing original complaint and detailed statement of facts requiring substitution, *held* to be substantial compliance with practice in making devisee party defendant in place of testator.

2. IBID.—SERVICE.—That a paper proper to be served contains unnecessary matter, is no ground for setting aside service.

Before ALDRICH, J., Lexington, September, 1899. Affirmed.

Action for possession of real estate by Sue A. Shull against Julia A. Bradford. The order appealed from is as follows:

"This is an action brought for the recovery of a certain lot of land by plaintiff against one Mrs. Frances T. Caughman. During the pendency of the action and before trial, the defendant, Mrs. Frances T. Caughman, died, testate. At the September term of Court for 1898, his Honor, Judge

Gary, first passed an order making the administrator *cum testamento annexo* of Mrs. Frances T. Caughman, a party defendant. The plaintiff went to trial, and after plaintiff announced she rested her case, the defendant moved for a nonsuit, on the ground that the proof was not sufficient to sustain the action; this motion was refused; then a demurrer was interposed, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Judge Gary sustained the demurrer, with leave granted to the plaintiff to amend the order of substitution, making the devisee under the last will and testament of Mrs. Frances T. Caughman a party defendant, with the proviso that 'said amendment be served upon defendant's counsel within twenty days from the rising of the Court.' It appears the defendant appealed to the Supreme Court from this order, and at the last spring term thereof the order of Judge Gary was sustained. Within twenty days from the rising of the Court, the plaintiff, under the order of Judge Gary, served upon defendant's counsel, Andrew Crawford, Esq., a copy of the amended complaint, in which Mrs. Julia A. Bradford, the alleged devisee of Mrs. Frances T. Caughman, deceased, had been substituted as the party defendant to said action. The plaintiff not only doing this, but taking the precaution to serve the said Mrs. Bradford with a copy of such amended complaint, and also a notice why she had been made a party, and at the same time notified her to come in and defend the action then pending.

"Upon the serving of such amended copy of the complaint, Mr. Crawford served upon plaintiff's attorney a notice that he would move to set aside the service of such paper for four reasons, to wit: 'I. That there is no authority of law for the issuing or serving of said paper, Mrs. Frances T. Caughman not having been dead for twelve months next preceding the serving of the same on the undersigned. 2. There is no evidence that Mrs. Julia A. Bradford is the devisee of Mrs. Frances T. Caughman, deceased, nor is there any authority for having served said paper on her in

any capacity whatsoever. 3. The order of Judge Gary, under the terms of which said paper was served, did not contemplate or authorize the serving of an amended complaint. 4. There is no authority for serving said amended complaint on the undersigned.'

"After a full hearing of the matter I am satisfied: 1st. Judge Gary having granted the plaintiff leave to amend said proceeding by making the devisee under the will of Mrs. Frances T. Caughman a party defendant, I have no authority to review the same, and especially when it has already been reviewed and affirmed by our Supreme Court. 2d. As to the first point raised by defendant's counsel, under said notice of motion, section 142 of the Code is clearly against him. 3d. As to the second position taken by counsel for motion, I hold that, even if it was unnecessary to serve Mrs. Bradford, the alleged devisee, personally, with a copy of such amended complaint, such service could only be superfluous, and no ground to set the proceeding aside. 4th. As to the third point raised by the notice of motion, I hold that Judge Gary could not have intended anything else but that the complaint should be amended by making the devisee of Mrs. Caughman the party defendant to said action, and when so amended a copy thereof to be served upon defendant's attorney. 5th. As to the fourth position taken under the notice of motion, I have only to say, the order of substitution passed by Judge Gary is in contradiction thereof. It is, therefore, ordered, that said motion be overruled."

Defendant appeals on following grounds:

"1. Because his Honor should have sustained the motion, of date 8th November, 1898, and heard at the call of the case for trial at the October term, 1899, of the Court of Common Pleas at Lexington. *a.* For the reason that there was no authority in law or practice for the issuing and serving of the paper styled 'Amended Complaint,' Mrs. Caughman, the original defendant, not having been dead for the twelve months next preceding the serving of the same. *b.* Because

there was no evidence that Mrs. Julia A. Bradford was the devisee of said Mrs. Frances T. Caughman, nor was there authority for serving said paper on her in any capacity whatsoever. *c.* Because the order of Judge Gary, under the terms of which said paper was served, did not contemplate or authorize the serving of an amended complaint. *d.* Because there was no authority for serving said amended complaint on either said Mrs. Julia A. Bradford or her attorney.

"2. Because there is no reason in law or practice authorizing his Honor to predicate his action in overruling the motion aforesaid upon the declaration that the plaintiff took 'the precaution to serve the said Mrs. Bradford with a copy of such amended complaint, and also, a notice why she had been made a party, and at the same time notified her to come in and defend the action then pending,' when said precautionary course pursued by respondent has none of the elements of a summons, or a complaint, or an order amendatory of an order of substitution.

"3. Because there is no way of bringing in a party to defend an action, or for any other purpose, where an original defendant dies, except by way of an order of substitution on motion, if the order be sought within twelve months; thereafter by *supplemental* complaint.

"4. Because the order of his Honor, Judge Gary, of date 5th October, 1898, granted leave to the plaintiff to amend the order of substitution, making the devisee under the last will and testament of Mrs. Frances T. Caughman a party defendant, provided said amendment be served upon defendant's counsel within twenty days from the rising of the Court, when said amendment thus provided for was never obtained; and, consequently, never served.

"5. Because his Honor erred in deciding that, as Judge Gary granted the plaintiff leave to amend said proceeding, by making the devisee under said will a party, he, Judge Aldrich, had no authority to review the same, and especially when it had already been reviewed and affirmed by the Supreme Court.

"6. Because his Honor erred in holding that 'even if it was unnecessary to serve Mrs. Bradford, the alleged devisee, personally, with a copy of such amended complaint, such service could only be superfluous, and no ground to set the proceeding aside.'

"7. Because his Honor erred in the position taken in said order, 'that Judge Gary could not have intended anything else but that the complaint should be amended by making the devisee of Mrs. Caughman the party defendant to said action, and when so amended a copy thereof to be served upon defendant's attorney;' whereas he should have held that an amended complaint was not proper pleading; that the paper served could not take the place of an order of substitution, and that the amendment of the order of substitution could only be obtained after serving a proper notice on the devisee, under the last will and testament of Mrs. Frances T. Caughman.

"8. Because his Honor erred in holding that the 'fourth position taken under the notice of motion is contradicted by the order of substitution passed by Judge Gary,' for the reason that there is no such contradiction therein."

*Mr. Andrew Crawford,* for appellant, cites : 55 S. C., 274; 16 Abb., 173; 22 Allen, 432; 42 S. C., 388; 16 S. C., 348; 14 S. C., 11; 13 S. C., 402.

*Mr. J. A. Muller,* contra, cites : 54 S. C., 203; 35 S. C., 391; 55 S. C., 254.

September 17, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. For a proper understanding of the questions presentd by this appeal, it will be necessary to make a brief statement, derived from the record before us, of the several steps taken in this case, from its inception up to the time of the rendition of the decree from which this appeal was taken. It seems that the plaintiff originally brought an action against Frances T. Caughman for the

37—58

recovery of real estate—a lot in the town of Lexington—
which resulted in a verdict for defendant. Thereupon the
said plaintiff, as permitted by the statute, brought her second
action against the same defendant for the recovery of the
same real estate. After the issues in the second action were
joined and before trial, the action abated by the death of the
said Frances T. Caughman, on or about the 18th day of
May, 1898. Thereupon the plaintiff, upon an affidavit
stating that the said Frances T. Caughman had died, leaving
a will, which had been duly admitted to probate, wherein one
S. P. Wingard was duly appointed executor, but had de-
clined to qualify as such, and that J. A. Muller·had applied
for and obtained letters of administration, with the will
annexed, upon the estate of said Frances T. Caughman,. ap-
plied for and obtained an order of Court substituting the said
J. A. Muller as administrator as aforesaid, as a party defend-
ant to the said action. The case then came on for trial be-
fore his Honor, Judge Ernest Gary, who upon the motion
of counsel for defendant, sustained a demurrer to the com-
plaint, granting leave, however, to the plaintiff "to amend
the order of substitution, making the devisee under the last
will and testament of Mrs. Frances T. Caughman, a party
defendant, provided such amendment·be served upon de-
fendant's counsel within twenty days from the rising of the
Court." This order bears date 5th October, 1898. On the
20th October, 1898, plaintiff's attorneys served Mrs. Julia A.
Bradford with a notice, entitled in the case of Sue A. Shull
*v.* Frances T. Caughman, and addressed to Mrs. Julia A.
Bradford, informing her : 1st. That the above stated action
is now pending in the Court of Common Pleas for said
county, and that the original complaint and answer are on
file in the office of the clerk of the Court. 2d. That after
issue joined, the said Frances T. Caughman died, leaving a
will, which has been duly admitted to probate, and is now on
file in the office of the probate court.. 3d. That by the order
of 5th October, 1898, his Honor, Judge Gary, required that
the devisee under said will be made a party defendant to said

action.    4th. That you, the said Julia A. Bradford, are sole devisee under said will.    5th. That by virtue of said order you are now the party defendant to said action.    And on the 22d October, 1898, the plaintiff served on the said Julia A. Bradford, and on Andrew Crawford, Esq., who had been the attorney for Mrs. Frances T. Caughman, and had filed her answer as such to the original complaint, copies of a paper, styled in the "Case" an "Amended Complaint," in which the allegations of the original complaint are stated, with the further allegations that the said Frances T. Caughman had died, leaving a will, in which the said Julia A. Bradford is made sole devisee, and that by the order of 5th October, 1898, above referred to, she, the said Julia A. Bradford, as sole devisee, was made a party defendant.    Thereupon Mr. Crawford gave notice of a motion (stating therein that he appeared for the purpose of this motion only), "for an order setting aside the service of the paper styled 'Amended Complaint,' *in re.* Mrs. Sue A. Shull *v.* Mrs. Frances T. Caughman," on certain grounds set forth in the notice, which need not be stated here as they are all set out in the decree of Judge Aldrich, which will be reported.    This motion was heard by his Honor, Judge Aldrich, who rendered a decree refusing the motion; and from that decree the defendant appeals upon the several grounds set out in the record, which will likewise be reported.

We do not propose to consider these grounds *seriatim,* but rather to consider what we understand to be the real, practical question raised by this appeal, to wit: whether the plaintiff has succeeded in substituting the appellant—Mrs. Julia A. Bradford—as the defendant in the place of Mrs. Frances T. Caughman, deceased, the original defendant in the action.    In *Dunham* v. *Carson,* 42 S. C., 391, it was suggested that the proper practice in a case of this kind is, for the party who desires to continue an action against the representatives in interest of a deceased party, to make an *ex parte* application, based upon a proper showing by affidavit, for a rule against the person sought to be

brought in, requiring him to show cause why the action should not be continued against him in the character ascribed to him, and upon default in showing good cause, the action will be so continued. Now, while it is quite true that the mode adopted in this case of bringing in Mrs. Bradford, the alleged devisee of the original defendant, Mrs. Frances T. Caughman, as a party defendant in this action, was not precisely that suggested in *Durham* v. *Carson,* yet, as was well said by Mr. Justice Pope, in *deLoach* v. *Sarratt,* 55 S. C., at page 275, "That while the form adopted for the purpose of procuring E. O. Sarratt [Julia A. Bradford] to come in and contest the fact of his being such a successor in interest, is not quite in the shape of a rule to show cause, yet, practically, it is a rule to show cause." So here we may say that the mode adopted in this case of substituting Mrs. Bradford, as devisee of the land in question, as party defendant, in place of the original defendant, Mrs. Caughman, afforded all the practical results of a rule to show cause. By the order of Judge Gary, of the 5th of October, 1898, affirmed by this Court, in *Shull* v. *Caughman,* 54 S. C., 203, the plaintiff was authorized to substitute the devisee as party defendant, in place of Mrs. Caughman, deceased, and by the notice served on Mrs. Bradford on the 20th of October, 1898, above referred to, she was notified of the said order, that she was the devisee under the will of Mrs. Caughman, and that, by virtue of said order and said will, she is now the party defendant in this action. This, it seems to us, without more, would have been sufficient to bring the appellant before the Court as a party defendant to the action, with the privilege to come in and answer, either admitting or denying that she was the devisee as alleged, just as in *Durham* v. *Carson, supra.* But when, in addition to this, both she and the gentleman who represented her as counsel in this appeal, were served on the 22d of October, 1898, with the paper styled in the "Case" as an "Amended Complaint," in which the original complaint was set forth, with the further allegation of the death of the original defendant, leaving a will whereby she is made

the sole devisee, together with the further fact that she as such devisee, has been, by the order of the Court, substituted as defendant in the action, it seems to us that all the practical results flowing from a formal rule to show cause, have been effected. We think, therefore, that the mode adopted in this case of bringing the appellant before the Court, as a party defendant, while not precisely that which has been suggested by this Court as the proper mode, is substantially sufficient.

We agree with the Circuit Judge, that there was no ground for setting aside the service of the paper styled "Amended Complaint." The *fact* of service is not denied; but the whole ground of objection seems to be that there was no authority for the service of such paper. That, however, even if well founded, would afford no ground for *setting aside the service* of the paper. But we are not prepared to admit that there was no authority for the service of the paper. The order of Judge Gary certainly required the service of *some* paper—the amended order of substitution—whereby the devisee of Mrs. Caughman, instead of her administrator with the will annexed, should be made a party defendant, the manifest object of which was to inform the devisee that she had been made a party defendant. The paper served, though called an "Amended Complaint," effected that object, though, perhaps, it contained other statements, setting out in detailed form how the appellant came to be made a party defendant, which, possibly, may have been unnecessary.

The point raised by one of the exceptions, that there was no evidence that the appellant was the devisee of Mrs. Frances T. Caughman, is premature, and the appellant, when she comes to answer (for which time will be allowed her) may, if so advised, raise that issue.

The judgment of this Court is, that the decree and order appealed from be affirmed, with leave to appellant to answer at any time within twenty days after she has written notice of the filing of the *remittitur* in this case.